UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANALIESE ARCEMONT, et al. | CIVIL ACTION |
| VERSUS | NO: 25-00067 |
| IMPERIAL FIRE AND CASUALTY INSURANCE COMPANY, et al. | SECTION: T (4) |

## ORDER AND REASONS

Before the Court is a Motion to Remand filed by Analiese Arcemont and Renie Ramirez. R. Doc. 11. Defendant RLI Insurance Company has opposed the Motion. R. Doc. 14. Plaintiffs' reply (R. Doc. 15) was untimely filed pursuant to local rule and will not be considered. *See* LR 7.5. For the reasons set forth below, the Court will deny the Motion to Remand.

Plaintiffs filed a Petition for Damages in Civil District Court for the Parish of Orleans, State of Louisiana, entitled "Analiese Arcemont and Renie Ramirez versus Imperial Fire and Casualty Company and Janae Jones," assigned docket number 2024-04210 ("the Lawsuit"). Plaintiffs subsequently filed an Amended and Supplemental Petition, adding RLI Insurance Company as a Defendant. This lawsuit arises form a motor vehicle accident that occurred on June 14, 2023, when a motor vehicle owned by Meisha Johnson and operated by Janae Jones came into contact with a vehicle occupied by Plaintiffs. Prior to filing the lawsuit, Plaintiffs executed Settlement Agreements and Releases with Meisha Johnson, Janae Jones, and the vehicle's insurer,

1

Allstate Property and Casualty Insurance Company ("Allstate"). R. Doc. 1-5. As part of the agreement, Plaintiffs released and discharged Meisha Johnson, Janae Jones, and Allstate, reserving rights against Janae Jones to the extent she has recoverable insurance pursuant to *Gasquet v. Commercial Union Ins. Co.*, 391 So. 2d 466 (La. App. 4th Cir. 1980). *Id.*

During discovery, Plaintiffs produced documents from their settlements with Meisha Johnson, Janae Jones, and Allstate. The documents included two (2) separate "Affidavits of No Other Insurance," one that was fully executed by Meiya Williams and the other signed by both Janae Jones and Miesha Johnson. The signed document provides that (1) Janae Jones did not use the vehicle at issue as a ride sharing service or any type of delivery service at the time of the accident, (2) Janae Jones was not in the course and scope of any employment or an a mission for anyone, (3) Janae Jones did not have any other liability insurance coverage or policy in effect that may provide coverage to her or the vehicle she was operating at the time of the accident, and (4) that there was no other insurance coverage or policy that may provide coverage to her or the vehicle that she was operating at the time of the accident. R. Doc. 1-6.

Defendant RLI timely moved for removal of the case after obtaining approval from counsel for Imperial Fire and Casualty Insurance Company. Plaintiffs have moved for remand to state court asserting that Defendant RLI did not properly obtain approval from Defendant Imperial Fire and that there remain possible claims against Janae Jones who may have other insurance coverage. Neither of these grounds has merit.

First, RLI properly and timely obtained consent from the only legitimate remaining

2

defendant, Imperial Fire and Casualty Company, to RLI's Notice of Removal. R. Doc. 1-11. Contrary to Plaintiffs' argument, this email complies with the 5th Circuit's requirements that consent be (1) timely filed, (2) written, and (3) from each served Defendant or from some person or entity purporting to formally act on its behalf and having authority to do so. *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 (5th Cir. 1988). A recent decision from this Court denied a Motion to Remand that relied on arguments very similar to those Plaintiffs set forth in their Motion to Remand. *See Baker v. Amazon Logistics, Inc.*, CV 23-3991, 2023 WL 6880357, at *11 (E.D. La. Oct. 18, 2023), *reconsideration denied*, CV 23-3991, 2023 WL 7683823 (E.D. La. Nov. 15, 2023).[1] Applying the reasoning of that Court's decision to the instant case, The Court finds

---

[1] That Court explained:
"Section 1441(b)(2) permits a defendant to "remove a case from state court to federal court on the basis of diversity jurisdiction so long as none 'of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.'" *Wolf v. Deutsche Bank Nat'l Tr. Co. for Am. Home Mortg. Inv. Tr. 2007-1*, 745 F. App'x 205, 207 (5th Cir. 2018) (quoting 28 U.S.C. § 1441(b)(2), and citing *Alviar v. Lillard*, 854 F.3d 286, 289 (5th Cir. 2017)). However, the lack of complete diversity will not render an action non-removable if a party has been improperly joined. *Id.* Instead, if a "plaintiff improperly joins a non-diverse defendant, ... the court may disregard the citizenship of that defendant, dismiss the non-diverse defendant from the case, and exercise subject matter jurisdiction over the remaining diverse defendant." *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016). The defendant can demonstrate improper joinder by showing either (1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the nondiverse defendant in state court. [*Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 401 (5th Cir. 2013)]. The improper joinder doctrine is a "'narrow exception' to the rule of complete diversity, and the burden of persuasion on a party claiming improper joinder is a 'heavy one.'" *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007) (citing *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005)). "Under the second prong (inability to establish a cause of action), the court must determine whether 'there is arguably a reasonable basis for predicting that state law might impose liability.'" *Id.* (quoting *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 462 (5th Cir. 2003)).

that Plaintiffs' contention that the removal was improper is without merit.

Also without merit is Plaintiffs' argument that there remains a viable defendant who is a resident of Louisiana, Janae Jones. A plaintiff may not rely on the presence of a fraudulent defendant to defeat removal. *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 575 (5th Cir. 2004). As Defendant points out, Plaintiffs have no reasonable expectation to maintain any cause of action to recover any damages against Ms. Jones, and in fact have released those claims. Plaintiffs executed a standard *Gasquet* settlement agreement, releasing Janae Jones of any liability beyond any recoverable insurance. *See* R. Doc. 14-2. The Court agrees that Plaintiffs have not directed this Court to any evidence showing that there is additional recoverable insurance which could potentially provide coverage to Ms. Jones for this accident. In short, this Court has jurisdiction over the matter under its diversity jurisdiction.

---

"This means that there must be a reasonable possibility of recovery, not merely a theoretical one." *Ross*, 344 F.3d at 462 (emphasis in original). "[T]he existence of even a single valid cause of action against in-state defendants (despite the pleading of several unavailing claims) requires remand of the entire case to state court." *Gray ex rel. Rudd v. Beverly Enters.-Miss., Inc.*, 390 F.3d 400, 412 (5th Cir. 2004)."

*Baker v. Amazon Logistics, Inc.*, 2023 WL 6880357, * 4.

Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion to Remand (R. Doc. 11) is DENIED.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Stay Order to Show Cause (R. Doc. 27) is also DENIED.

New Orleans, Louisiana, this 30th day of September 2025.

_____
GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE